IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL HAYNES,

            Plaintiff,

v.                                     CIVIL ACTION NO.  2:10-cv-01073

AMHERST INDUSTRIES, INC.,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Joint Motion to File Settlement Agreements Under Seal [Docket 27]. For the reasons discussed below, this motion is **DENIED**.

**I.     Background**

On September 3, 2010, the plaintiff, Paul Haynes, filed suit in this court. The Complaint states that the plaintiff was employed by the defendant, Amherst Industries, Inc., from January 2004 to May 29, 2009. The plaintiff alleges that the defendant failed to pay him overtime compensation for time worked in excess of forty hours per week, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203. In its Answer, the defendant admits that the plaintiff was not paid overtime compensation. (Answer, ¶ 9 [Docket 6]). However, the defendant asserts that Haynes was not entitled to overtime compensation because he was correctly categorized as an exempt employee. (*Id.* at 3 [Docket 6]).

On November 29, 2011, the parties filed a Joint Motion for Approval of Settlement Agreement [Docket 26]. The same day, the parties filed the instant motion seeking to seal the settlement agreement.

## II. Motion to Seal

According to Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our court of appeals." Loc. R. Civ. P. 26.4(b)(2). The court will only seal documents when "exceptional circumstances" are present. Loc. R. Civ. P. 26.4(b)(1).

In this case, the parties did not file a memorandum of law as required by the local rule. Further, there is a common law presumption of public access to judicial records and documents. *Stone v. Univ. of Maryland Med. Sys.*, 855 F.2d 178, 180 (4th Cir. 1988). The parties' bare assertion that the terms of the settlement are confidential is insufficient to overcome this presumption. *See id; Miles v. Ruby Tuesday, Inc.*, 799 F.Supp.2d 618, 621–25 (E.D. Va. 2011) (denying motion to seal FLSA settlement and acknowledging that "[w]ithout the right of access to court decisions approving FLSA settlements, the Act could be undermined without the knowledge of those in the best position to demand or enact corrective policies—namely the public and legislators"); *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts . . . to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access").

For these reasons, the Joint Motion to File Settlement Agreements Under Seal [Docket 27]

is **DENIED**. In light of this ruling, the Joint Motion for Approval of Settlement Agreement [Docket 26], which has been lodged with the court, may be withdrawn by the parties within 14 days.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 2, 2012

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE